# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-269 |
| | ) | |
| ROBERT CHRISTOPHER BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's First Motion to Dismiss the Superseding Indictment. Doc. 54. For the following reasons, the motion should be **DENIED**.

## BACKGROUND

Defendant was indicted on December 7, 2018 for one count of manufacturing explosive materials without a license in violation of 18 U.S.C. § 842(a)(1) and one count of distribution of explosive materials without a license in violation of 18 U.S.C. § 842(a)(3)(B). Doc. 1. After arraignment, defendant filed a motion to suppress certain statements he made to law enforcement officers. Doc. 25. The Court held a hearing on this motion—and others—on March 20, 2019, and issued a Report and Recommendation on April 19 denying the motion. Doc. 38. That

Report and Recommendation was adopted by the district judge on May 10, 2019. Doc. 42.

A superseding indictment was returned on May 8, 2019. Doc. 39. An arraignment was scheduled on June 6, 2019, doc. 44, but defendant requested a continuance, doc. 45. He ultimately waived appearance at his arraignment. Doc. 47. The Court granted him additional time to file supplemental motions, and he filed the instant motion arguing that his case should be dismissed because it constitutes vindictive prosecution. Doc. 54. The Court held a hearing on August 12 in which counsel for both defendant and the Government were heard, although no witnesses testified. Doc. 59. For the following reasons, the motion should be **DENIED**.

## ANALYSIS

Defendant argues that the superseding indictment violates his due process rights because the new indictment constitutes "vindictive treatment." Doc. 54. As evidence of this alleged malfeasance, defendant attached email correspondence between counsel for the Government and his own counsel. Doc. 54-1. The email included the following language:

> [a]ny movement on Bailey? Just a reminder: if we move forward with the suppression hearing next Wednesday, our plea offer is off the table. We'll go forward on both charges and we'll have to take another look at the injuries caused by his negligence. Otherwise, he can plead to either count in the indictment, we'll recommend the low-end of the guidelines, and you can argue, without objection, the downward variance. Could be the difference between 6-9 months versus 4 of 5 years.

*Id.* Defendant argues that correspondence shows that the Government pursued additional charges against him simply because he refused to accept the proffered plea.

The Supreme Court has acknowledged that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution [as] . . . the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *United States v. Goodwin*, 457 U.S. 368, 382 (1982). Rather,

> [a] prosecutor may seek a superseding indictment at any time prior to a trial on the merits," *United States v. Cole*, 755 F.2d 748, 757 (11th Cir. 1985); *United States v. Del Vecchio*, 707 F.2d 1214, 1216 (11th Cir. 1983), so long as the purpose is not to harass the defendant, *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985). As a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute. *Cole*, 755 F.2d at 758; *United States v. Spence*, 719 F.2d 358, 361 (11th Cir.

      1983).   However, a superseding indictment adding new charges that increase the potential penalty would violate due process if the prosecutor obtained the new charges out of vindictiveness. *Spence*, 719 F.2d at 361. Vindictiveness in this context means the desire to punish a person for exercising his rights. United *States v. Goodwin*, 457 U.S. 368, 372 (1982).

*United States v. Barner*, 441 F.3d 1310, 1310 (11th Cir. 2006). While decisions to seek heightened charges after a successful post-trial appeal invoke the presumption of vindictiveness, no such presumption arises in the case of increased charges after defendant has executed a legal right in the pretrial context. *United States v. Miller*, 948 F.2d 631, 633 (10th Cir. 1991). In *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) the Supreme Court held that where a defendant executed a right to decline to plead guilty and requested a jury trial there was no punishment or retaliation "so long as the accused [was] free to accept or reject the prosecution's offer."

    Courts in this circuit require pre-trial criminal defendants to show "actual vindictiveness."[1]  *United States v. South*, 295 F. App'x 959, 967-

---

[1] Although there may be circumstances where additional factors could make it possible to use the presumption pre-trial, there is no indication from the facts of this case that such a presumption is warranted.  *See Barner*, 441 F.3d at 1317-18. Likewise, defendant acknowledges that "no 'institutional' bias is <u>presumed</u> to exist in . . . pretrial proceedings." Doc. 54 at 4-5.

4

68 (11th Cir. 2008). "To demonstrate "actual vindictiveness, defendant must show (1) that the prosecutor was "actually motivated by a desire to punish [him] for the exercise of his rights," and (2) that the charges against him were the result of that animus." *United States v. Barr*, 2019 WL 3229256 (N.D. Ga. 2019) (citations omitted).² "This burden is exceptionally difficult for a criminal defendant to carry because '[a]s a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute.' " *Id.* (citing *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006).

The evidence in this case is insufficient to support a holding of actual vindictiveness. There is no evidence that the Government was seeking to punish defendant for exercising his right to decline a plea. Rather it merely appears that the Government warned him that there could be further consequences if he should decline the plea deal. As the

---

² For example, even where a court found evidence of vindictive prosecution, it acknowledged that "it does not offend due process for a prosecutor to threaten a defendant that his refusal to enter a guilty plea could lead to additional charges." *United States v. In Hyuk Kim*, 2009 WL 5033934, at * 5 (D. Guam Dec. 8, 2009) (citing *United States v. Garza-Juarez*, 992 F.2d 896 (9th Cir. 1993). However, in that case, the court was faced with a prosecutor who had stated openly "**unquestionably, we are punishing him for filing those motions, and that's the truth.**" *Id.* at *7.

language from the email recited above shows, it is not even clear from the email that the Government was threatening defendant with additional charges of the kind he ultimately received. Instead, the language from the email appears to indicate that the defendant may be faced with additional charges based on purported injuries during the use of the explosive devices. As defendant was ultimately charged with being a prohibited person in possession of explosive materials, the relationship between the charge and the email is wholly unclear.

Likewise, the Government asserted at the hearing that the new charge was based on additional information recently received from a state court. The Government also asserted in its brief that its "decision was not made out of vindictiveness or punishment, but rather out of legal strategy, particularly in light of developed evidence and in anticipation of trial." Doc. 56 at 5. Considering the email proffered by defendant, and the statements by both counsel for the defendant and for the Government, the Court cannot conclude that there has been a showing of actual vindictiveness. Rather, it appears that the new charge was based on new evidence which is a sufficient justification by the Government in the pre-trial context. The Court will not interfere with the

Government's discretionary authority to prosecute crimes in the absence of more direct evidence of vindictiveness.  *Spence*, 719 F.2d at 361.

## CONCLUSION

For the foregoing reasons the Motions to Dismiss, doc. 54, should be **DENIED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of August, 2019.

                                                                      /s/ Christopher L. Ray
                                                                      CHRISTOPHER L. RAY
                                                                      UNITED STATES MAGISTRATE JUDGE
                                                                      SOUTHERN DISTRICT OF GEORGIA