**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-269 |
| ROBERT CHRISTOPHER BAILEY, | |
| Defendant. | |

## **O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 29, 2019 Report and Recommendation, (doc. 61), to which the Defendant has filed objections (doc. 62). Defendant argues that he "believes the Government pursued additional charges against him for the explicit reason stated in the email correspondence between the counsel for the government and undersigned counsel." (Doc. 62 at 1.) Regardless of what Defendant believes, the standard Defendant must show to succeed with his claim is "actual vindictiveness[1]." *United States v. South*, 295 F. App'x 959, 967-68 (11th Cir. 2008). As the Report and Recommendation explained, "[t]o demonstrate actual vindictiveness, defendant must show (1) that the prosecutor was actually motivated by a desire to punish [him] for the exercises of his rights, and (2) that the charges against him were the result of that animus." *United States v. Barr*, 2019 WL 3229256 (N.D. Ga. 2019) (citations and quotations omitted).

In this case, Defendant was warned that if he proceeded to a suppression hearing, the plea would come off the table and there could be further consequences. However, Defendant remained

---

[1] Although there may be circumstances where additional factors could make it possible to use the presumption pre-trial, there is no indication from the facts of this case that such a presumption is warranted. *See United States v. Barner*, 441 F.3d 1310, 1310 (11th Cir. 2006). Likewise, defendant acknowledges that "no 'institutional' bias is presumed to exist in . . . pretrial proceedings." Doc. 54 at 4-5.

free to accept or reject the prosecution's offer.   *Bordenkircher v.* Hayes, 434 U.S. 357, 363 (1978).

Likewise, the Government asserted both in its brief and at the hearing that the additional charge

was added after new evidence regarding Defendant's past history came to light.   (Doc. 56 at 5.)

Considering this testimony and the information proffered in the briefs, the Defendant's subjective

belief is insufficient to overcome the Government's discretionary authority to prosecute crimes.

*United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983).   Accordingly, the Court **ADOPTS**

the Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant's

Objections, (doc. 62), and **DENIES** Defendant's motion to dismiss (doc. 54).

**SO ORDERED**, this 23rd day of September, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA